IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WAYNE PERRY,

      Plaintiff,                        No. CIV S-04-107 EFB

   vs.

DEREK TAACA, et al.,

      Defendants.            <u>ORDER</u>

     On October 26, 2006, this case was reassigned to this court based on the parties' consent to proceed before the undersigned. All parties are represented by counsel.

     Upon reviewing the file, it appears that prior to reassignment, all discovery and law and motion deadlines had passed. Despite this, it appears that neither party has filed any dispositive motions, and, according to the defendants' "individual status report" filed on October 23, 2006, discovery has not yet been completed.[1] Furthermore, based on that report, it appears that defendant Derek Taaca believes venue is improper and jurisdiction is lacking. Taaca has never brought any motion contesting either venue or jurisdiction notwithstanding the court ordered

---

[1] According to defendants, plaintiff has never responded to either defendant's requests for production of documents, requests for admissions, and interrogatories. Even though defendants claim to have served this discovery as early as February 24, 2006, defendants have never moved to compel responses.

1

deadline for doing so. In that same report, defendants refer to another case filed by the plaintiff herein, *Perry v. Zupan*, 2:04-cv-00868 DFL EFB, and argue that the issues in that case are identical to those in the instant case. They believe that if the pending summary judgment motion in that case is granted, such ruling would dispose of the present action. Again, defendants ignored the deadline for filing such a motion in this case. Defendants state that because a dispositive motion may well dispose of this case, they request that a trial not be scheduled herein until the summary judgment motion in the other case is ruled on. Defendants cite neither facts nor legal authority to support their belief that a summary judgment ruling in the other case would summarily dispose of *this* case without the need to actually file and brief the motion herein. Rather, this cavalier approach is consistent with defendants' indifferent approach to this litigation.

Based on the representations made by defendants in their October 23, 2006, status report, it is clear that they are not prepared for trial. Plaintiff seems to be equally indifferent to the progress of this litigation. It appears that he has taken no action in prosecuting this case since September 2005.[2] A review of the docket reveals that plaintiff has not diligently prosecuted this case since that date. Most recently, plaintiff failed to comply with District Judge Frank C. Damrell's October 16, 2006 order requiring him to file a joint status report.

The court possesses the discretionary authority to dismiss an action based on plaintiff's failure to diligently prosecute. Fed. R. Civ. P. 41(b). Unreasonable delay by plaintiff is sufficient to justify dismissal, even in the absence of actual prejudice to the defendant, *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978), since a presumption of injury arises from the occurrence of unreasonable delay. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *Alexander v. Pacific Maritime Association*, 434 F.2d 281,

---

[2] On September 29, 2005, plaintiff filed a notice of voluntary dismissal of defendant Ben Stout. On that same date, he filed an unsigned, joint status report with defendants.

1  283 (9th Cir. 1970), *cert. denied*, 401 U.S. 1009 (1971).  It rests within the inherent power of the
2  court to dismiss an action, *sua sponte*, for failure to prosecute.  *Link v. Wabash R. Co.*, 370 U.S.
3  626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even
4  without affording notice of its intention to do so or providing an adversary hearing before
5  acting.").  The court is hard pressed to find a reason not to dismiss.  Nonetheless, the court will
6  afford plaintiff an opportunity to show justification for the delay in prosecuting this case.  *See*
7  *Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280-81 (9th Cir. 1980).

8  Accordingly, this matter will be placed on calendar for consideration of dismissal for lack
9  of prosecution.  If plaintiff has any reasons why this action should not be dismissed, he shall
10 submit them by sworn declaration of facts no later than twenty-one days prior to the hearing.
11 This declaration, to which plaintiff may append a supporting memorandum of law, shall include
12 an explanation of the lack of activity in this case and shall list each specific step plaintiff plans to
13 take to prepare this case for trial.  Defendants may submit a declaration or memorandum stating
14 their position but are not required to do so.  Defendants' documents, if any, are to be filed no
15 later than fourteen days prior to the hearing.

16 Both parties shall come to the hearing prepared to schedule both a final pretrial
17 conference and trial of this case in its present posture.  Defendants' request to appear
18 telephonically is denied.

19 Accordingly, IT IS HEREBY ORDERED that:

20 1. This matter is set for hearing for consideration of dismissal for lack of prosecution on
21 February 14, 2007, at 10:00 a.m., in Courtroom 25, before the undersigned; and

22 2. Plaintiff's sworn declaration of facts shall be filed no later than twenty-one days prior
23 to the hearing; Defendants' documents, if any, shall be filed no later than fourteen days prior to
24 the hearing.

25 DATED: January 16, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3